OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL UNION
LOCAL NO. 4–23 and Jack Elton

v.

AMERICAN PETROFINA
COMPANY OF TEXAS.

Civ. A. No. B–84–752–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 21, 1984.

M. Diane Dwight, Provost, Umphrey, McPherson & Swearingen, Port Arthur, Tex., for plaintiffs.

Durwood D. Crawford and Steve Kardell, Goins, Underkofler, Crawford & Langdon, Dallas, Tex., for defendant.

## MEMORANDUM ORDER GRANTING SUMMARY JUDGMENT

JOE J. FISHER, District Judge.

Before the Court is Defendant American Petrofina Company's (FINA) Motion for Summary Judgment in the above-styled and numbered cause. FINA has moved to have judgment entered for it in this case on the grounds that this cause is identical to the lawsuit this Court adjudicated in *OCAW Local No. 4–23 and Max Hildabridle v. American Petrofina Company of Texas* (No. B–83–195–CA). This Court's opinion in that case is published at 586 F.Supp. 643 (E.D.Texas 1984). The Plaintiff's counsel in that cause, who is the same counsel as in the instant cause, has appealed this Court's judgment. That appeal is currently pending in the Fifth Circuit Court of Appeals, and is docketed as Cause No. 84–2322 in that Court.

FINA's Motion was file-marked in the Clerk's Office on November 6, 1984; and a proper certificate of service was attached. To this date, however, more than fifteen days after the Motion was filed, no response from Plaintiff to the Motion has been received. It must be therefore assumed, in light of Fed.Rule Civ.P. 56(c) and Local Rule 6(e) of this District, that the Plaintiff has no response to the Motion, and indeed must not oppose it.

Nevertheless, this Court will explain why it feels summary judgment is appropriate in this case. In Cause No. B–83–195–CA, (*OCAW I*), this Court decided that FINA's firing of one Leo Max Hildabridle was not an arbitrable matter. The grievance in *OCAW I* read in pertinent part:

> I am grieving because of the company's decision to terminate L.M. Hildabridle on May 27, 1982. I contend that the discharge of Mr. Hildabridle was discriminatory and without just cause and ask that he be reinstated immediately and that he be made whole for monies and benefits lost due to such termination.

The grievance in the present case (*OCAW II*) reads:

> Due to the recently County Court trial 11/7–8/83 involving Mr. Max Hildabridle, in which he was found not guilty, the extenuating circumstances surrounding the discharge of Mr. Max Hildabridle, and the failure of management to even reconsider the discharge, I respectively grieve that the oppression imposed upon Mr. Max Hildabridle, his wife, and four children, by management of this company, be stopped, and that Mr. Max Hildabridle be reinstated, and be made whole.
>
> I believe that this is in violation of Management Rights, Article XV, Article XVII Section 1, Article XXI Section 1, any other related Article, past practice, and anything else related to these unjust actions.

Obviously, each grievance—and the subsequent lawsuits—sought the same relief: the reinstatement of Max Hildabridle. The only ascertainable difference between the grievances that this Court can find is that the grievance in *OCAW II* mentions the County Court acquital of Hildabridle as an apparently extenuating circumstance that

should require his discharge to be arbitrated. It appears to the Court that the fact of Hildabridle's acquital has already been presented to it. Indeed, the Court noted the fact of the acquital in Footnote One of its opinion. *See OCAW I*, 586 F.Supp. at 643 Fn. 1.

This Court believed then, and believes now, that Hildabridle's acquital was irrelevant to the legal issue in the earlier lawsuit. If Plaintiff believes this Court to be wrong, then its avenue of appeal is to the Fifth Circuit Court of Appeals, where indeed, an appeal has been filed. The Plaintiff's avenue *does not lie* in filing another lawsuit in a District Court which alleges the very same cause of action. Simply put, this is because the doctrine of *res judicata* bars the relitigation by the same parties of matters which were actually put in issue, litigated, and necessarily decided in the first action. *See e.g. Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897).

As FINA states in its Motion, the principles of *res judicata* are well-known to any practicing attorney. An examination of the Plaintiff's complaint reveals no attempt to distinguish the cause of action in *OCAW II* from *OCAW I*, other than that noted by the Court. Moreover, FINA's denial of the arbitration request in *OCAW II*, (the basis of that lawsuit) states that "this issue is now and was at the time this grievance was filed, pending in the U.S. District Court in Beaumont, Texas. The company's position will be litigated there." *See Plaintiff's Complaint* Exhibit 1.

The Court has already decided the issue in this lawsuit. It does not wish to spend more time on it, nor does it wish to waste any more of this District's judicial resources on the matter. Accordingly, the Motion for Summary Judgment of Defendant is granted. FINA's attorneys have moved this Court, pursuant to 28 U.S.C. § 1927 (Supp v. 1982) to award attorney's fees against Plaintiff's attorney. This Court believes their position has merit; but in fairness to Plaintiff's attorney, this Court, by separate order, will set a hearing

to allow the Plaintiff's attorney to show cause why these fees should not be assessed. It is therefore

ORDERED, ADJUDGED AND DECREED that judgment is hereby entered for Defendant AMERICAN PETROFINA COMPANY and against Plaintiff OCAW LOCAL NO. 4–23 and JACK ELTON pursuant to Fed.Rule Civ.P. 56(b).